UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JORGE A. TORRES, JR.,**

    **Plaintiff,**

v.                                                    **Case No: 5:14-cv-502-Oc-34PRL**

**BBVA COMPASS BANCSHARES, INC.
and EARLY WARNING SERVICES,
LLC**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This case is before the Court for consideration of Plaintiff's Motion for leave to proceed *in forma pauperis* (Doc. 2). On referral, I recommend that the motion to proceed *in forma pauperis* be denied for lack of subject matter jurisdiction, and that the case be dismissed.

### I. BACKGROUND

On September 17, 2014, Plaintiff, a Florida resident, acting *pro se*, initiated this case by filing a Complaint (Doc. 1) against Defendants BBVA Compass Bancshares, Inc., an Alabama corporation, and Early Warning Service, LLC., an Arizona corporation. Plaintiff's claims arise out of a dispute regarding an account Plaintiff held at Defendant BBVA Compass Bank. (Doc. 1). Plaintiff contends that he requested that his account be closed due to "insatisfaction [sic] with said financial institution," however, there was a disputed transaction pending at the time in the

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

amount of about $300.00.  Plaintiff alleges that, as a result of the disputed charge, Defendant BBVA Compass caused his account at Regions Bank to be frozen.  (Doc. 1, ¶ 6).  Plaintiff claims he "was killed in the financial system leaving him dead with no access to monies or ways to collect monies due to him."  (Doc. 1, ¶ 7).  Plaintiff also learned that Defendant BBVA Compass reported Plaintiff to Defendant Early Warning Services, LLC., who forwarded fraud information to all the banks in their network.  (Doc. 1, ¶ 7).  Plaintiff also contends that he was told he needed to pay $488.00 and request removal from the Early Warning Services system.

Plaintiff alleges that, dispute his efforts, Defendants were unable to resolve the issue or remove the fraud information from the system, thereby financially harming Plaintiff.  Plaintiff contends that Defendants have destroyed his lawn service business, as he can no longer collect payment from his customers due to the problems with his bank accounts.  (Doc. 1, ¶ 8).  Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1332, and seeks an injunction and $1 million in money damages.

## II.  LEGAL STANDARDS

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed.  Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted.  Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief.  *Tigner v. Internal Revenue Service*, No.1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed. 2d 1081 (2007). Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S.Ct. 1955. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555. A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984)(internal citations omitted).

Federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. §1331 and §1332.

## III. DISCUSSION

Here, Plaintiff's claim amounts to a banking dispute over $488.00 in disputed charges, as well as alleged consequential damages to Plaintiff's lawn service. Despite Plaintiff's attempt to invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332, he has not alleged facts sufficient to support the $75,000 amount in controversy requirement. While Plaintiff demands $1 million in damages, the Complaint includes no basis whatsoever to support that amount. Plaintiff only alleges that he had an initial disputed transaction in the amount of $300.00 (Doc. 1, ¶ 5), and that he was later told he must pay $488.00 to resolve his banking issues (Doc. 1 ¶ 8). Even when the facts are construed in the light most favorable to Plaintiff, the amount in dispute at issue in this case falls well below the $75,000.00 amount in controversy requirement. *See Pringley v. Wright-Douglas*, No. 8:10–CV–2030–T–30EAJ, 2010 WL 3928609 (M.D.Fla. Sept. 16, 2010) (recommending denial of motion to proceed *in forma pauperis* and noting that Plaintiff's claim for $100 did not satisfy the amount in controversy requirement of § 1332).

Plaintiff has also alleged what the Court construes as a claim for consequential damages to his lawn service business. Even if Plaintiff could establish a basis for such a claim, it seems implausible that his damages would rise to the level necessary for the $75,000.00 amount in controversy – the dispute arises, after all, from a $300 - $488 dispute between Plaintiff and his bank. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) ("[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.").

Finally, Plaintiff has failed to state a claim for relief based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, and such a claim is not readily apparent. Thus, Plaintiff has failed to allege a basis for this Court's limited jurisdiction. *See Kirkland* 243 F.3d at 1279-80.

- 5 -

Finally, the Court finds that, given the straightforward factual basis of Plaintiff's claim, it is highly unlikely that Plaintiff would ever be able to allege facts sufficient to satisfy the $75,000 amount in controversy requirement of § 1332, therefore permitting leave to amend would be futile.

### IV. RECOMMENDATION

For the reasons explained above, it is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be denied, and the Complaint (Doc. 1) be dismissed for lack of subject matter jurisdiction.

Recommended in Ocala, Florida on September 22, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties